UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

Case No. 6:16-cv-00062-NKM

| | |
|---|---|
| THOMAS E. PEREZ,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR<br><br>      Plaintiff,<br><br>v.<br><br>ADAM VINOSKEY,<br>THE ADAM VINOSKEY TRUST,<br>EVOLVE BANK AND TRUST, MICHAEL NEW,<br>SENTRY EQUIPMENT ERECTORS, INC., and<br>THE SENTRY EQUIPMENT ERECTORS, INC.<br>EMPLOYEE STOCK OWNERSHIP AND<br>SAVINGS PLAN,<br><br>      Defendants. | **ANSWER OF DEFENDANTS<br>ADAM VINOSKEY AND THE<br>ADAM VINOSKEY TRUST** |

For its Answer to the Complaint, Defendants Adam Vinoskey and The Adam Vinoskey Trust, by and through undersigned counsel, admits, denies, states, and alleges as follows:

## JURISDICTION AND VENUE

1. To the extent Plaintiff alleges that this Court has jurisdiction over Plaintiff's claims that arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, the allegations of paragraph 1 are admitted. The remaining allegations of paragraph 1 are denied.

2. The allegations of paragraph 2 are admitted.

3. It is admitted that the Western District of Virginia, Lynchburg Division, is a proper venue for this litigation.

## PARTIES

4. The allegations contained in paragraph 4 are legal conclusions or averments to which no response is required. To the extent any response is required, the remaining allegations of paragraph 4 are denied.

5. The allegations contained in paragraph 5 are legal conclusions or averments to which no response is required. To the extent any response is required, the remaining allegations of paragraph 5 are denied.

6. It is admitted that The Sentry Equipment Erectors, Inc. Employee Stock Ownership and Savings Plan (the "Plan") is sponsored by Sentry Equipment Erectors, Inc. ("Sentry"), which is a Virginia corporation that designs and sells equipment such as conveyors and bottling machines for soft drink manufacturers. It is admitted that Sentry is the named Plan Administrator of the Plan. It is also admitted that Sentry's principal place of business is located in Forest, Virginia. The remaining allegations of paragraph 6 are legal conclusions or averments to which no response is required. To the extent any response is required, the remaining allegations of paragraph 6 are denied.

7. It is admitted that Adam Vinoskey was a trustee of the Plan and Chief Executive Officer of Sentry during December 2010 when the Plan purchased shares of Sentry stock from The Adam Vinoskey Trust. It is admitted that 50% or more of The Adam Vinoskey Trust's beneficial interest was owned directly or indirectly by Adam Vinoskey. It is also admitted that until December 2010, Adam Vinoskey, through The Adam Vinoskey Trust, owned more than 50% of Sentry's stock. It is also admitted that Adam Vinoskey is the trustee of The Adam Vinoskey Trust and exercised control over the assets in the Trust. The remaining allegations of paragraph 7 are

2

legal conclusions or averments to which no response is required. To the extent any response is required, the remaining allegations of paragraph 7 are denied.

8. It is admitted that Defendant Evolve Bank and Trust was hired as an independent transaction trustee for the 2010 purchase of Sentry stock. It is also admitted that Defendant Michael New is employed by Evolve Bank and Trust. The remaining allegations of paragraph 8 are legal conclusions or averments to which no response is required. To the extent any response is required, the remaining allegations of paragraph 8 are denied.

## FACTUAL ALLEGATIONS

9. It is admitted that Adam and Carole Vinoskey (the "Vinoskeys") founded Sentry in 1980. The remaining allegations of paragraph 9 are denied.

10. It is admitted that Sentry established the Plan, which included both a 401(k) defined-contribution plan and an employee stock ownership feature. It is also admitted that the Plan was designed to invest primarily in employer stock. The remaining allegations of paragraph 10 are denied.

11. It is admitted that the Plan purchased Sentry stock in 2004 at $220 per share. It is also admitted that the Plan borrowed a portion of the purchase price from Sentry. It is also admitted that Sentry made contributions to the Plan that allowed the Plan to repay the loan it had received from Sentry, and the Plan's debt to Sentry was fully repaid before 2010. It is also admitted that as the debt was paid, shares of Sentry stock were allocated to individual participant accounts. The remaining allegations of paragraph 11 are denied.

12. It is admitted that under the terms of the Plan, certain terminating employees could sell their shares back to the Plan at a price approved by certain Plan fiduciaries. It is admitted that one way to value the stock of publicly-traded companies is the amount that buyers are willing to pay for the stock in an arms-length transaction. It is admitted that Sentry stock had never been

3

publicly-traded, so it could not be valued in the same manner as publicly-traded stock. It is also admitted that the trustees of the Plan hired an appraiser to determine the value of its stock on an annual basis after Sentry created the Plan and that Capital Analysts, Inc. performed the analyses each year from 2007 to 2011. It is also admitted that the appraisals conducted by Capital Analysts provided an opinion on the fair market value of the common stock of Sentry that ranged from $241 to $285 per share. The remaining allegations of paragraph 12 are denied.

13. It is admitted that in December 2010, The Adam Vinoskey Trust, which held a 52.3% interest in Sentry, sold its stock to the Plan at $406 per share on a majority-interest basis. It is also admitted that the Plan paid $406 per share for 51,000 shares of Sentry stock, for a total sale price of $20,706,000.00. It is also admitted that immediately after this transaction, the per share fair market value of Sentry stock was below $285. The remaining allegations of paragraph 13 are denied.

14. It is admitted that the $406 per share price paid by the Plan to purchase the stock from The Adam Vinoskey Trust was based upon an appraisal by Capital Analysts that was performed as of November 30, 2010 for that particular transaction. The remaining allegations of paragraph 14 are denied.

15. It is admitted that Capital Analysts prepared appraisals of Sentry's stock. To the extent Plaintiff cites or quotes from these appraisals, the documents speak for themselves. The remaining allegations of paragraph 15 are denied.

16. It is admitted that Evolve Bank and Trust approved the $406 per share price as fair to the Plan and its participants. It is also admitted that that The Adam Vinoskey Trust accepted the $406 per share price as the seller of the stock. The remaining allegations of paragraph 16 are denied.

4

17. The allegations of paragraph 17 are admitted.

18. The allegations of paragraph 18 are admitted.

19. It is admitted that the per share fair market value of Sentry stock dropped as a result of the debt Sentry incurred to finance the 2010 purchase of Sentry stock by the Plan. The remaining allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are admitted.

## COUNT I

21. Adam Vinoskey and The Adam Vinoskey Trust reallege, reassert, and incorporate by reference herein, their responses to the allegations contained in paragraphs 1 – 20.

22. The allegations of paragraph 22 are not directed to Adam Vinoskey or The Adam Vinoskey Trust. To the extent the allegations of paragraph 22 are directed to Adam Vinoskey or The Adam Vinoskey Trust, the allegations are denied.

23. The allegations of paragraph 23 are not directed to Adam Vinoskey or The Adam Vinoskey Trust. To the extent the allegations of paragraph 23 are directed to Adam Vinoskey or The Adam Vinoskey Trust, the allegations are denied.

24. The allegations of paragraph 24 are not directed to Adam Vinoskey or The Adam Vinoskey Trust. To the extent the allegations of paragraph 24 are directed to Adam Vinoskey or The Adam Vinoskey Trust, the allegations are denied.

25. The allegations contained in paragraph 25 are legal conclusions or averments to which no response is required. To the extent any response is required, the remaining allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are not directed to Adam Vinoskey or The Adam Vinoskey Trust. To the extent the allegations of paragraph 26 are directed to Adam Vinoskey or The Adam Vinoskey Trust, the allegations are denied.

5

27. The allegations of paragraph 27 are not directed to Adam Vinoskey or The Adam Vinoskey Trust. To the extent the allegations of paragraph 27 are directed to Adam Vinoskey or The Adam Vinoskey Trust, the allegations are denied.

## COUNT II

28. Adam Vinoskey and The Adam Vinoskey Trust reallege, reassert, and incorporate by reference herein, their responses to the allegations contained in paragraphs 1 – 27.

29. The allegations of paragraph 29 are not directed to Adam Vinoskey or The Adam Vinoskey Trust. To the extent the allegations of paragraph 29 are directed to Adam Vinoskey or The Adam Vinoskey Trust, the allegations are denied.

## COUNT III

30. Adam Vinoskey and The Adam Vinoskey Trust reallege, reassert, and incorporate by reference herein, their responses to the allegations contained in paragraphs 1 – 29.

31. It is admitted that Adam Vinoskey accepted the $406 per share price for the sale of Sentry stock to the Plan. The remaining allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

## COUNT IV

34. Adam Vinoskey and The Adam Vinoskey Trust reallege, reassert, and incorporate by reference herein, their responses to the allegations contained in paragraphs 1 – 33.

35. The allegations of paragraph 35 are not directed to Adam Vinoskey or The Adam Vinoskey Trust. To the extent the allegations of paragraph 35 are directed to Adam Vinoskey or The Adam Vinoskey Trust, the allegations are denied.

36. The allegations of paragraph 36 are not directed to Adam Vinoskey or The Adam Vinoskey Trust. To the extent the allegations of paragraph 36 are directed to Adam Vinoskey or The Adam Vinoskey Trust, the allegations are denied.

37. The allegations of paragraph 37 are not directed to Adam Vinoskey or The Adam Vinoskey Trust. To the extent the allegations of paragraph 37 are directed to Adam Vinoskey or The Adam Vinoskey Trust, the allegations are denied.

38. The allegations of paragraph 38 are not directed to Adam Vinoskey or The Adam Vinoskey Trust. To the extent the allegations of paragraph 38 are directed to Adam Vinoskey or The Adam Vinoskey Trust, the allegations are denied.

## PLAINTIFF'S PRAYER FOR RELIEF

In response to the numbered paragraphs (39) – (44), inclusive, constituting Plaintiff's Prayer for Relief, Adam Vinoskey and The Adam Vinoskey Trust deny that Plaintiff is entitled to any relief from Adam Vinoskey and/or The Adam Vinoskey Trust.

## GENERAL DENIAL

Unless specifically admitted, denied, modified, or otherwise controverted herein, Adam Vinoskey and The Adam Vinoskey Trust deny each and every allegation of the Complaint, including unnumbered paragraphs and headings.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred by ERISA § 413, 29 U.S.C. § 1113, or other applicable statutes of limitations and statutes of repose.

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

7

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of collateral estoppel, administrative estoppel, and/or res judicata.

## SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

Plaintiff's claims, if successful, would result in unjust enrichment.

## NINTH DEFENSE

Neither the Plan, nor any other party, suffered an actual economic loss.

## TENTH DEFENSE

The losses alleged by Plaintiff did not result from anything Adam Vinoskey or The Adam Vinoskey Trust did or failed to do.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because Adam Vinoskey and The Adam Vinoskey Trust did not have the requisite knowledge for co-fiduciary liability or to have knowingly participated in a fiduciary breach or prohibited transaction.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Adam Vinoskey and The Adam Vinoskey Trust were not functioning in an ERISA fiduciary capacity when they engaged in the conduct that is the subject of the Plaintiff's Complaint.

## THIRTEENTH DEFENSE

Plaintiff's prohibited transaction claims are barred, in whole or in part, because of statutory exemptions that exempt classes of fiduciaries or transactions from the ERISA prohibited transaction restrictions.

## DEFENDANTS' PRAYER FOR RELIEF

Defendants Adam Vinoskey and The Adam Vinoskey Trust respectfully pray as follows:

1. Plaintiff has and recovers nothing of Adam Vinoskey and/or The Adam Vinoskey Trust and that the Complaint be dismissed with prejudice;

2. The cost of this action, including reasonable attorneys' fees, be taxed against Plaintiff; and

3. Defendants Adam Vinoskey and The Adam Vinoskey Trust be granted such other and further relief as shall be just and proper.

Respectfully submitted, this 19th day of December, 2016.


                              MOORE & VAN ALLEN PLLC


                              /s/ Alton L. Gwaltney, III
                              Alton L. Gwaltney, III
                              Virginia Bar No. 36331
                              100 North Tryon Street, Suite 4700
                              Charlotte, North Carolina 28205
                              Telephone: (704) 331-1008
                              Facsimile: (704) 378-1908
                              larrygwaltney@mvalaw.com

                              *Counsel for Defendants Adam Vinoskey,*
                              *The Adam Vinoskey Trust,*
                              *Sentry Equipment Erectors, Inc., and*
                              *The Sentry Equipment Erectors, Inc.*
                              *Employee Stock Ownership and Savings Plan*

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2016, I served a true and accurate copy of this **ANSWER OF DEFENDANTS ADAM VINOSKEY AND THE ADAM VINOSKEY TRUST** upon all counsel and parties of record using the CM/ECF system, which will send notification of such filing and service, and by United States first class mail, by depositing the same in an official U.S. Postal depository, postage prepaid, and addressed to counsel as follows:

Andrea Luby
U.S. Department of Labor
Office of the Solicitor
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, Pennsylvania 19106-3306
luby.andrea@dol.gov

*Counsel for Plaintiff*

Alexandra B. Cunningham
Thomas R. Waskom
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
acunningham@hunton.com
twaskom@hunton.com

Scott J. Stitt (*pro hac vice anticipated*)
TUCKER ELLIS LLP
175 South Third Street, Suite 520
Columbus, Ohio 43215
scott.stitt@tuckerellis.com

*Counsel for Defendants Evolve Bank and Trust and Michael New*

This 19th day of December, 2016.

/s/ Alton L. Gwaltney, III
Alton L. Gwaltney, III