UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

Case No. 6:16-cv-00062-NKM

| | |
|---|---|
| THOMAS E. PEREZ, ) <br> SECRETARY OF LABOR, ) <br> UNITED STATES DEPARTMENT OF LABOR ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADAM VINOSKEY, ) <br> THE ADAM VINOSKEY TRUST, ) <br> EVOLVE BANK AND TRUST, MICHAEL NEW, ) <br> SENTRY EQUIPMENT ERECTORS, INC., and ) <br> THE SENTRY EQUIPMENT ERECTORS, INC. ) <br> EMPLOYEE STOCK OWNERSHIP AND ) <br> SAVINGS PLAN, ) <br> ) <br> Defendants. ) | **DEFENDANT SENTRY EQUIPMENT ERECTORS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** |

## **INTRODUCTION**

Plaintiff has not alleged any cause of action against Defendant Sentry Equipment Erectors, Inc. ("Sentry"). Plaintiff's Complaint pleads four causes of action relating to a stock sale transaction, but the complaint directs no cause of action against Sentry and does not otherwise plead facts that Sentry engaged in any misconduct. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed as to Sentry.

## **FACTUAL BACKGROUND**

Defendant Sentry is a closely-held business located in Forest, Virginia, that is engaged in the manufacture and installation of conveyer equipment and machinery and related systems. Compl. ¶ 6. Sentry is the sponsor and Plan Administrator of The Sentry Equipment Erectors, Inc. Employee Stock Ownership and Savings Plan (the "Plan"). *Id.*

Plaintiff pled four causes of action relating to the sale of Sentry stock between The Adam Vinoskey Trust and the Plan. Compl. ¶¶ 21-38. Plaintiff's allegations focus on the price the Plan paid for Sentry's stock and the actions of the Plan's fiduciaries and seller in the stock transaction. *See id.* Plaintiff directs its causes of action at Defendants Adam Vinoskey, The Adam Vinoskey Trust, Evolve Bank and Trust, and Michael New, but directs no cause of action at Sentry. *See id.* Plaintiff's primary allegations against Sentry appear in the section titled "Parties," where Plaintiff identifies Sentry as the sponsor and Plan Administrator of the Plan and states that Sentry is a party in interest pursuant to Employee Retirement Income Security Act of 1974 ("ERISA") Section 3(14)(C) and a fiduciary pursuant to ERISA Section 3(21)(A). *See id.* at ¶ 6. The only other allegations regarding Sentry are:

- Sentry contributed funds for the Plan to purchase Sentry's stock in 2004 and subsequently made contributions to the Plan to allow the Plan to repay its loan to Sentry, *see id.* at ¶ 11;

- Sentry hired an appraiser to determine the value of its stock on an annual basis, *see id.* at ¶ 12; and

- Sentry loaned the Plan $1,900,080 to purchase Sentry's stock in December 2010, which imposed repayment obligations upon Sentry that reduced its value and, consequently, the fair market value of its shares; *see id.* at ¶¶ 17, 18, 20.

These allegations do not relate to the price paid for Sentry's stock in the 2010 transaction or otherwise relate to the allegations in the causes of action.

## LEGAL ARGUMENT

Plaintiff's Complaint must be dismissed as to Sentry pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff has failed to bring any cause of action against Sentry. To avoid dismissal, Plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this obligation, Plaintiff must provide grounds showing entitlement to relief, which requires "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citation omitted). Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)). A complaint must contain "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

Plaintiff fails to meet its pleading requirement because it merely labels Sentry as a "fiduciary" and a "party in interest" without including any facts alleging that Sentry breached its alleged fiduciary duties or otherwise acted improperly. Plaintiff pled no facts that would allow the Court to infer *any* possibility of misconduct by Sentry, let alone facts that would support "more than the mere possibility of misconduct." *See Iqbal*, 556 U.S. at 679. Accordingly, the Court should dismiss Plaintiff's Complaint as to Sentry for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## **CONCLUSION**

For these reasons, Defendant Sentry requests that the Court enter an Order granting its Motion to Dismiss.

MOORE & VAN ALLEN PLLC


/s/ Alton L. Gwaltney, III
Alton L. Gwaltney, III
Virginia Bar No. 36331
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28205
Telephone: (704) 331-1008
Facsimile: (704) 378-1908
larrygwaltney@mvalaw.com

*Counsel for Defendants Adam Vinoskey,*
*The Adam Vinoskey Trust,*
*Sentry Equipment Erectors, Inc., and*
*The Sentry Equipment Erectors, Inc.*
*Employee Stock Ownership and Savings Plan*

# CERTIFICATE OF SERVICE

The undersigned attorney for Sentry Equipment Erectors, Inc. does hereby certify that a copy of the foregoing **DEFENDANT SENTRY EQUIPMENT ERECTORS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** was served upon all counsel and parties of record using the CM/ECF system, which will send notification of such filing and service, and by United States first class mail, by depositing the same in an official U.S. Postal depository, postage prepaid, and addressed to counsel as follows:

Andrea Luby
U.S. Department of Labor
Office of the Solicitor
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, Pennsylvania 19106-3306
luby.andrea@dol.gov

*Counsel for Plaintiff*

Alexandra B. Cunningham
Thomas R. Waskom
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
acunningham@hunton.com
twaskom@hunton.com

Scott J. Stitt (*pro hac vice anticipated*)
TUCKER ELLIS LLP
175 South Third Street, Suite 520
Columbus, Ohio 43215
scott.stitt@tuckerellis.com

*Counsel for Defendants Evolve Bank and Trust and Michael New*

This 19th day of December, 2016.

/s/ Alton L. Gwaltney, III
Alton L. Gwaltney, III