CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
1/29/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

PATRICK PIZELLA, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,

                 *Plaintiff*,

v.

ADAM VINOSKEY, *et al.*,

                 *Defendants*.

CASE NO. 6:16-CV-00062

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Defendant Evolve Bank and Trust's ("Evolve") Motion for New Trial or in the Alternative Motion to Alter Judgment. Dkt. 227. First, Evolve argues that the United States Secretary of Labor (the "Secretary") lacked statutory standing under the Employee Retirement Income Security Act of 1974 ("ERISA") to seek monetary damages on behalf of the Employment Stock Ownership Plan ("ESOP") in this case. Alternatively, Evolve asks that the Court's Final Judgment be altered to rearrange the parties to this dispute so that the ESOP appears as a plaintiff as opposed to a defendant named under Fed. R. Civ. P. 19. Evolve's motion will be denied as to both requests.

**Background**

The Secretary brought suit against Adam Vinoskey, the CEO of Sentry Equipment Erectors, Inc. ("Sentry"), Evolve, and the Adam Vinoskey Trust, alleging that they violated ERISA by approving an ESOP[1] purchase of the employer's stock at an allegedly inflated price.

Following a five-day bench trial, the Court issued a 100-page opinion along with its Final Judgment finding that (1) Evolve caused a transaction prohibited under 29 U.S.C. §

---

[1] An ESOP is "an employee pension plan that invests primarily in the employer's stock." *Brundle v. Wilmington Trust, N.A.*, 919 F.3d 763, 769 (4th Cir. 2019).

1

1106(a)(1)(A) by failing to ensure that the ESOP paid no more than adequate consideration for Vinoskey's stock in the 2010 sale of the company to employees; (2) Evolve violated its duties of prudence and loyalty owed under 29 U.S.C. § 1104(a)(1); and (3) Vinoskey is jointly liable for Evolve's breaches as a knowing participant in a prohibited transaction and as a co-fiduciary. Dkt. 219 at 100. The Court then found that as a result of Evolve and Vinoskey's breaches by Evolve and Vinoskey, the Sentry ESOP overpaid for Vinoskey's stock by $6,502,500.00, for which it determined Evolve, Vinoskey, and the Adam Vinoskey Trust were jointly and severally liable. *Id*.

Within 28 days of the Court's Judgment, Evolve moved for a new trial, or alternatively, to alter the Court's Judgment. Dkt. 227. The motion is fully briefed and ripe for review.

**Legal Standard**

Under Rule 59(a), a court following a bench trial "may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)–(2). The Fourth Circuit has recognized three such reasons: "1) the verdict is against the clear weight of the evidence, 2) is based on evidence which is false, or 3) will result in a miscarriage of justice." *Dennis v. Columbia Colleton Med. Ctr.*, 290 F.3d 639, 644–45 (4th Cir. 2002). "Whether to grant a new trial 'rests within the sound discretion of the trial court but such discretion must not be arbitrarily exercised.'" *Butler v. Windsor*, 143 F. Supp. 3d 332, 335–36 (D. Md. 2015) (*quoting City of Richmond v. Atl. Co.*, 273 F.2d 902, 916 (4th Cir. 1960)).

Similarly, Rule 59(e) provides that "a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

**Discussion**

In its motion, Evolve asserts—for the first time in this case—that ERISA does not authorize the Secretary to seek monetary damages on behalf of an ESOP. As a result, Evolve argues, this Court lacks subject-matter jurisdiction to hear such a claim, and the Secretary lacks standing to bring it. Alternatively, Evolve asks that the Court amend its judgment "to accurately reflect that Defendant [Sentry ESOP] is the recovering Plaintiff in this case." Dkt. 233 at 1. These arguments will be taken in turn. Neither warrants vacating or altering the Court's Judgment.

1. Timeliness of this motion

The Secretary's first objection to this motion is that it comes far too late in this litigation. By contrast, Evolve likens this motion to an attack on the Court's subject matter jurisdiction, Dkt. 233 at 1, which may be brought at any stage in a case, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). That might be true were Evolve to attack the Secretary's Article III standing,[2] but the Fourth Circuit has stated that "dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim." *CGM, LLC v. BellSouth Telecommunications, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). The court in *CGM* also rejected the argument that an attack on a plaintiff's statutory standing was akin to an attack on a court's subject matter jurisdiction. *Id.* (citing *Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009)). And where a defendant effectively "asserts a motion for failure to state a claim . . . there is no authority for such a motion to be brought after trial." *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 870 (4th Cir. 1999) (superseded by statute on other grounds).

Evolve contends that *Eberhardt* is distinguishable because it dealt with a motion for relief from judgment made under Fed. R. Civ. P. 60(b), rather than a motion for new trial under Rule

---

[2] Evolve's original brief supporting the present motion lodged a brief attack on the Secretary's Article III standing as well as its statutory standing, Dkt. 228, but it abandoned this argument in an amended brief filed approximately one week later, Dkt. 233.

59(e). Dkt. 239 at 5. It is true that *Eberhardt* is not on all fours because of the differing post-judgment motions, but this hardly means, as Evolve contends, that "*Eberhardt* contains no guidance on the issue of statutory standing." *Id*. To the contrary, *CGM* establishes that an attack on a plaintiff's statutory standing goes to a plaintiff's ability to state a claim, not a plaintiff's ability to invoke a federal court's jurisdiction. *CGM*, 664 F.3d at 52. *Eberhardt* then establishes that a defendant comes too late when it accuses a plaintiff of having failed to state a claim after judgment has been entered. *Eberhardt*, 167 F.3d at 870. Evolve cites not a single case where a court has entertained a post-trial attack on a plaintiff's statutory standing or anything akin to it. Dkt. 133 at 4–5. The inescapable conclusion is that Evolve's motion for new trial comes too late and must be denied.

    2.  <u>Availability of monetary damages</u>

Even if this motion for new trial were timely, it is without merit. Evolve argues that "[a]lthough the Secretary has standing to pursue the injunctive relief prayed for, he has no standing to pursue monetary relief against the Judgment Defendants. Dkt. 233 at 2. "Nothing in the two ERISA provisions the Secretary relies upon in pursuing these actions [29 U.S.C. §§ 1132(a)(2), (a)(5)] confers standing on the Secretary to seek such relief." Dkt. 233 at 2.

First, Evolve makes no effort in its motion to place its argument into one of the narrowly circumscribed avenues for a successful Rule 59(a) motion. As stated above, the Fourth Circuit has recognized three such grounds: "1) the verdict is against the clear weight of the evidence, 2) is based on evidence which is false, or 3) will result in a miscarriage of justice." *Dennis v. Columbia Colleton Med. Ctr.*, 290 F.3d 639, 644–45 (4th Cir. 2002). Presumably, Evolve would argue that the verdict would result in a miscarriage of justice. Regardless of the prong to which Evolve ties their eleventh-hour statutory argument, it does not succeed.

Evolve argues that "the court should be reluctant to read an implied right to such recovery

4

for the Secretary into Section 409." Dkt. 233 at 4 (citing the Supreme Court's implied-remedy jurisprudence, *e.g. Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002); *Miller v. French*, 530 U.S. 327, 340 (2000)). Evolve reasons that this is because "any monetary recovery in such an action inures only to the plan itself," Dkt. 233 at 4, and because "[o]nly the plan is explicitly entitled to monetary relief," *id*. at 5. But this operates under the faulty premise that Congress, in passing ERISA, did not explicitly authorize the Secretary to recover on behalf of an employee benefit plan.

In his amended complaint, the Secretary brought this damages claim pursuant to 29 U.S.C. §§ 1132(a)(2), which provides that "[a] civil action may be brought . . . by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." Section 1109 in turn states:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109. A clearer authorization for the Secretary to pursue damages would be difficult to find. This text states that the Secretary may bring an action and seek relief under § 1109, which in turn authorizes the recovery of losses suffered by the exact manner of breach proven in this case, Dkt. 219 at 47, as well as "other equitable or remedial relief as the court may deem appropriate." *Id*.

Neighboring provisions reinforce this plain interpretation. For instance, 29 U.S.C. § 1132(l) states that "in the case of . . . any breach of fiduciary responsibility under (or other violation of) part 4 of this subtitle by a fiduciary, or . . . any knowing participation in such a breach or violation by any other person, *the Secretary* shall assess a civil penalty against such

5

fiduciary or other person in an amount equal to *20 percent of the applicable recovery amount*."
(Emphasis added). The provision then defines "applicable recovery amount" as "any amount . . . ordered by a court to be paid by such a fiduciary or other person to a plan or its participants or beneficiaries in a judicial proceeding instituted by the Secretary under subsection (a)(2) or (a)(5)." § 1132(l)(2). This provision would make little sense were the Secretary not authorized to recover any monetary amount from a fiduciary in the first place.

The Court need not look any further than the plain language of the statute to reject Evolve's statutory argument. *See Wilmington Shipping Co. v. New Eng. Life Ins. Co.*, 496 F.3d 326, 339 (4th Cir. 2007) ("Normally, where the statutory language provides a clear answer, our analysis begins and ends with that language.") Evolve's argument is also uniformly foreclosed by precedent. The Supreme Court,[3] the Fourth Circuit[4] and its sister circuits[5] have all without fail either affirmed or acknowledged the ability of the Secretary to obtain monetary relief on behalf of employee benefit plans. Indeed, no court appears to have ever doubted the Secretary's statutory standing to pursue damages under § 1132.

Evolve's creative attempts to cast doubt on this glaring conclusion are unavailing. First, Evolve contends that when Congress stated in § 1132(a)(2) that the Secretary may seek "appropriate relief" on behalf of benefit plans, it intended to cabin the relief the Secretary was able to seek from fiduciaries. Dkt. 233 at 5–6 (citing § 1132(a)(2)). True enough. But to then imply that any such limitation should be extended to exclude remedies explicitly authorized elsewhere in the statute clearly overextends the plausible reach of this inference.

---

[3] *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985).
[4] *Chao v. Malkani*, 452 F.3d 290, 293 (4th Cir. 2006); *Solis v. Pinder*, 340 F. App'x 160, *1 (4th Cir. 2009) (unpublished).
[5] *Perez v. Bruister*, 823 F.3d 250, 256–57, 276 (5th Cir. 2016); *Chao v. Hall Holding, Inc.*, 419 F.3d 415, 419, 444 (6th Cir. 2002); *Martin v. Feilen*, 965 F.2d 660, 671–72 (8th Cir. 1992); *Beck v. Levering*, 947 F.2d 639, 642 (2d Cir. 1991) ("[T]he Secretary of Labor to bring suit concurrently with private plaintiffs to recover appropriate damages.").

Evolve then appears to either misunderstand or mischaracterize the result of the Secretary's amended complaint and the Court's final judgment by contending that "Section 502(a)(2)'s authority for the Secretary to pursue 'appropriate relief' under Section 409 does not include authority to seek monetary relief on its own behalf because such relief would be inconsistent with Section 409." Dkt. 233 at 6. But that is not the dispute here: The Secretary sought damages on behalf of Sentry ESOP, not on its own behalf. Amended Complaint, Dkt. 29 at 12;[6] *see also* Dkt. 233-1 (Defendant's exhibit to its brief in support of this motion, in which counsel for the Secretary instructs Evolve to tender payment directly to the Sentry ESOP).

Despite this, Evolve claims that nothing in the Court's Final Judgment binds the Judgment Defendants to pay the Sentry ESOP, or for the Secretary to pass the Court's award on to the Sentry ESOP. The Court's Final Judgment states, *inter alia*, that "Defendants Evolve Bank and Trust, Adam Vinoskey, and the Adam Vinoskey Trust are jointly and severally liable for the amount the Sentry ESOP overpaid for Adam Vinoskey's stock, in the amount of six million, five hundred and two thousand, five hundred dollars and zero cents ($6,502,500.00)." Dkt. 220. If Evolve had any confusion as to whom to tender the $6,502,500.00 following the Court's Final Judgment, the Secretary issued a letter to Evolve following entry of Final Judgment requesting evidence "that these funds have been restored to the Sentry Equipment Erectors, Inc. Employee Stock Ownership and Savings Plan." Dkt. 233-1. Evolve's motion, premised on a faulty legal interpretation of § 1132 and an apparent misreading of the Court's final judgment, must be denied with respect to

---

[6] In its Prayer for Relief, the Secretary states:

> "WHEREFORE, the Secretary of Labor prays that this Court enter an Order:
>
> 40. Requiring each of the fiduciary defendants, Evolve Bank and Trust, New, and Adam Vinoskey, jointly and severally, to restore all losses caused to the ESOP as a result of their fiduciary breaches;
>
> 41. Requiring fiduciary defendants Evolve Bank and Trust, New, and Adam Vinoskey, to disgorge to the ESOP any and all unjust enrichment they have received as a result of their fiduciary breaches."

7

its plea for a new trial. Dkt. 227.

3. <u>Motion to alter Judgment</u>

In the alternative to its motion for a new trial, Evolve states that "the parties must be realigned and the judgment amended." Dkt. 233 at 6. According to Evolve, this is because "[a]lthough [the Sentry ESOP] is a nominal Defendant in this case, the Sentry ESOP is the only party to whom any amount recited in the judgment is potentially owed." *Id*. Evolve states that it "is attempting to make the judgment clear for the parties bound by it. As it stands, the Court's judgment does not say to whom the monetary amount awarded must be paid." Dkt. 239 at 6.

The Court notes at the outset that the arrangement of the parties in this case appears routine in ERISA litigation brought by the Secretary. *See* Dkt. 237 at 12 (compiling cases). No court has apparently ever found it necessary to rearrange parties in a § 1132 suit post-judgment in order to facilitate a monetary award obtained by the Secretary on behalf of a plan. *See* Dkt. 233 at 7–8; Dkt. 239 at 5–6. And Evolve has not demonstrated such relief is warranted here. Evolve cites no actual harm it or any other party suffers by this arrangement, and neither does it appear to be in tension with any rule in the Federal Rules of Civil Procedure or elsewhere. To the contrary, the Sentry ESOP was named as a defendant pursuant to Fed. R. Civ. P. 19, which, as Evolve itself notes, was done so that the Sentry ESOP "would have notice, representation at trial, and the opportunity to participate at trial." Dkt. 233 at 7.

Furthermore, as with its motion for a new trial, Evolve makes no attempt to indicate which of Rule 59(e)'s circumscribed justifications might warrant amending or altering the Court's Final Judgment. See Dkt. 233 at 7–8; Dkt. 239 at 5–6. As stated above, "a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). The only

8

plausible avenue Evolve's motion could fit into is that the Court's arrangement of the parties constitutes "a clear error of law or a manifest injustice." *Id.* Evolve fails to state why maintaining the current arrangement of parties would result in any injustice to any party. As for a clear error of law, Evolve cites not a single case that this Court would be in tension with were it to refuse to "realign" the parties. Dkt. 233 at 7–8. This can hardly be said to warrant what the Fourth Circuit has characterized as "an extraordinary remedy that should be applied sparingly" in "exceptional circumstances." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 378 (4th Cir. 2012). Evolve's motion to amend or alter judgment fails to meet the high standard for a Rule 59(e) motion to succeed and will also be denied. Dkt. 227.

**Conclusion**

As detailed above, Evolve fails to demonstrate that it is entitled to a new trial or that the Court's Final Judgment should be altered or amended. As a result, Evolve's motion will be denied. Dkt. 227. An appropriate order will issue.

The Clerk of the Court is hereby directed to send a certified copy of this Order to Plaintiff, Defendants, and all counsel of record.

Entered this __29th__ day of January, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE